IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
Civil Division

JANET FARRAR, *on behalf of herself and*
*a class of similarly situated people*                      PLAINTIFF

VS.                  CASE NO. 63CV-17-623-3

RIVERSIDE MOTORS, INC., HOPKINS AND
RAINES, INC. and PROSPERITY MARKETING, LLC             DEFENDANT

## COMPLAINT
### Class Action

COMES NOW, the Plaintiff, by and through her counsel, and based on good faith, knowledge and belief hereby states as follows:

1. Plaintiff, individually and as a class representative for all other similarly situated, brings this action against the Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"). State courts have exclusive subject matter jurisdiction over private actions brought under the TCPA.

### PARTIES

2. The Plaintiff is an adult resident of Saline County, Arkansas.

3. The Defendant, Riverside Motors, Inc. ("Riverside") is an Arkansas corporation and maintains a principle place of business in Pulaski County, Arkansas. The Defendant's registered agent for service of process is Jesse Munn, III, 8 Colonel Glenn Plaza Drive, Little Rock, Arkansas 72210.

4. The Defendant, Hopkins and Raines, Inc. is a Texas corporation which maintains a principle place of business at 6500 Summerhill Road, Suite 202, Texarkana, Texas 75503. Hopkins and Raines' does not maintain an agent for service of process in Arkansas.

5. The Defendant, Prosperity Marketing, LLC is an Oklahoma Limited Liability Corporation. Prosperity Marketing, LLC does not maintain an agent for service of process in Arkansas.

## FACTUAL ALLEGATIONS

6. Riverside caused unauthorized calls to the Plaintiff and others' cell phones. Based on good faith, knowledge and belief, Hopkins and Raines and/or Prosperity made these calls on behalf of Riverside.

7. These calls occurred at least on or around May 25 and 26, 2017.

8. This Court has personal jurisdiction over the parties and the acts alleged in this Complaint occurred in Arkansas.

9. Venue is proper in this district because one or more of the unauthorized calls occurred in Saline County and the Plaintiff and one or more members of the putative class reside in Arkansas.

10. In 1991, Congress enacted the TCPA to respond to a growing number of Complaints from consumers regarding various telemarketing practices that Congress found to be an invasion of privacy.

11. The TCPA makes is unlawful "to make any call (other than a call made for emergency purposes or made with a prior express consent of the called party) using an automatic telephone dialing system or an artificial or pre-recorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of the Act.

12. The Federal Communication Commission ("FCC") promulgated regulations that "generally establish that the party on whose behalf a solicitation is made bears ultimate

responsibility for any violations." See Rules and Regulations Implementing the TCPA, Memorandum and Order, 10 F.C.C. Rcd. 12391, 12397 (1995).

13. The Plaintiff and others received auto-dialed and unsolicited calls from the Defendants on or around May 25 and 26, 2017. These unsolicited calls resulted in messages claiming to be from "Riverside Motors." Among other things, these calls advised Plaintiff and putative class members that they would be entitled to "a Vegas vacation" if they came to a Walmart store in Bryant, Arkansas, where based upon information and belief an automobile dealer owned by Riverside was soliciting automotives sales. The message further stated that "this is for real, this is not a joke." The message invited recipients to attend the Walmart in Bryant for the biggest off-site sale ever. The message advised that persons who attended the event would receive an MP3 player in exchange for test driving a vehicle and that bad credit would not be a problem.

14. The Plaintiff and other class members did not give Defendants permission to contact them via automated and unsolicited calls to their cellular phones.

15. Unsolicited, automated telephone calls can cost recipients money because the recipients frequently pay their cellular telephone service providers for calls they receive or incur usage deduction to their cell phone plans, regardless of whether the customer initiated or authorized a call. The Defendants directly benefitted by these unauthorized communications.

16. Based on good faith, knowledge and belief, the Defendant caused hundreds if not thousands of persons to receive automated calls similar to the one received by the Plaintiff on or around May 25 and 26. The Plaintiff is entitled to judgment for her actual and statutory damages and costs and reasonable attorneys fees as a result of the Defendants' TCPA violations.

CLASS ACTION ALLEGATIONS.

17. Plaintiff brings this claim on behalf of a class consisting of:

> All Arkansas residents to whom the Defendants placed a non-emergency call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or pre-recorded voice within four years prior to the commencement of this litigation.

Excluded from the class are the judge to whom this action is assigned or any member of the judge's staff and immediate family as well as any persons who may validly exclude themselves from the class.

18. The class is so numerous that joinder of all members is impractical. Upon information and belief, Plaintiff alleges that there are more than forty members of the putative class.

19. There are questions of law and fact common to the class which predominate over any questions affecting an individual class member. These predominate questions include:

   a. Whether the Defendants used automatic telephone dialing systems to place the unsolicited calls to class members;

   b. Whether the Defendants used an artificial or pre-recorded voice during calls and recorded messages to cellular telephones; and

   c. Damages to class members, including determinations of whether the violations were negligent, willful or knowing.

20. Plaintiff and her counsel will fairly and adequately protect the interest of the class. Plaintiff has retained counsel experienced in handling class actions and consumer claims. Plaintiff and her counsel are qualified to adequately represent the class in this case.

21. A class action is an appropriate method for a fair and efficient adjudication of this controversy. The interest of class members will be promoted through the joinder of claims through a single procedure and this will promote judicial economy.

22.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum which will promote the objectives of the TCPA.

## DAMAGES

23.     The Defendants have violated one or more provisions of the TCPA.

24.     As a result of the Defendants' unlawful conduct, the Plaintiff and members of the class, are each entitled, *inter alia*, to a minimum of $500.00 in damages for each violation of the TCPA pursuant to 47 USC § 227 (b)(3)(B).

25.     To the extent the Court should determine that the Defendants' conduct was willful and knowing, the Court may, pursuant to § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the class.

WHEREFORE, Plaintiff, individually and on behalf of a class of similarly situated persons, prays for the following relief:

A.  An Order certifying the class as defined above;

B.  Appointment of Plaintiff as class representative;

C.  Appointment of the undersigned counsel as counsel for the class;

D.  An award of actual and statutory damages for the Plaintiff and for the class members;

E.  An injunction requiring the Defendants to cease all unauthorized automated telephone activities and unsolicited calls to cellular telephone users;

F.  An award of reasonable attorneys fees and costs; and

G.  Any and all other just and proper relief to which they may be entitled.

Respectfully Submitted,

By: _____
RAY BAXTER (ARBIN 78-012)
Attorney at Law
3115 Alcoa Road
Benton, AR 72015
Phone: (501) 315-2971


TODD TURNER (ARBIN 92266)
**ARNOLD, BATSON, TURNER & TURNER, P.A.**
501 Crittenden Street
P.O. Box 480
Arkadelphia, AR 71923
Phone: (870) 246-9844